**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-41423
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE OSCAR GOMEZ,

Defendant-

Appellant.

--------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-352-ALL
--------------------------------------------------------
September 9, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Oscar Gomez has appealed his sentence and conviction on two counts of transporting

aliens who were in the United States illegally. We AFFIRM.

Gomez contends that the district court abused its discretion by denying his motion for a

mistrial because the Government elicited testimony that he had admitted having transported aliens

previously. This contention lacks merit because Gomez's statement was admissible against him as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

an admission by a party, pursuant to FED. R. EVID. 801(d)(2)(A).  See United States v. Hutchins, 818 F.2d 322, 328 (5th Cir. 1987).

Gomez contends that the district court reversibly erred by overruling his objection to testimony of a Border Patrol investigator concerning whether what happened to the aliens in this case was consistent with smuggling by an organized ring.  There was no abuse of discretion in admitting this testimony because it was helpful and "its relevance [was] not substantially outweighed by the possibility of unfair prejudice or confusion."  See United States v. Garcia, 86 F.3d 394, 400 (5th Cir. 1996).

Gomez asserts that he was denied his Sixth Amendment right to have compulsory process for obtaining witnesses by the Government's deporting five of the seven aliens arrested, without giving counsel an opportunity to interview them to determine whether they should be called to testify for the defense.  He also states conclusionally that this denied him equal protection and due process, entitling him to dismissal of the indictment.  Gomez is not entitled to relief because he has not shown that any testimony of the deported aliens would have been favorable to his defense and not merely cumulative to testimony given at his trial.   See United States v. Romero-Cruz, 201 F.3d 374, 377 (5th Cir. 2000).

Gomez contends that the district court reversibly erred by refusing to give the "missing witness" instruction which he requested, which would be applicable to the five deported aliens. The ruling was not an abuse of discretion because it appears that the five aliens' testimony probably would have been cumulative or corroborative. See United States v. Jennings, 724 F.2d 436, 446 (5th Cir. 1984).

Gomez contends that the district court erred by enhancing his sentence pursuant to U.S.S.G. § 3C1.1, on the ground that he obstructed justice by testifying untruthfully at his trial. The district court's finding, by necessary implication, that Gomez perjured himself relative to the intent element justified the enhancement. See United States v. Odiodio, 244 F.3d 398, 404-05 (5th Cir. 2001).

The district court's judgment is due to be, and it is hereby, AFFIRMED.

AFFIRMED.